**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 22, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

RICHARD SANCHEZ,

　　　　Petitioner-Appellant,

v.

ROBERT ULIBARRI, Warden;
ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO,

　　　　Respondents-Appellees.

No. 08-2049
(D.C. No. 6:07-CV-00067-MV-LCS)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HOLMES**, **ANDERSON**, and **BALDOCK**, Circuit Judges.

---

Richard Sanchez appeals the denial of his petition for federal habeas relief pursuant to 28 U.S.C. § 2254, claiming his Fourth Amendment rights were violated and that he was denied effective assistance of counsel. We granted a certificate of appealability (COA) on both claims and now affirm.

---

[*]　　After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I

This case began when Captain Robert Jones of the Dona Ana County, New Mexico Sheriff's Department observed Mr. Sanchez in a convenience store.[1] Captain Jones was off-duty and in plain clothes, but he noticed that Mr. Sanchez was fumbling his belongings and smelled of alcohol. As he watched Mr. Sanchez leave the store, he saw that Mr. Sanchez "was unsteady on his feet," swaying as he walked slowly towards his truck "in a zigzag pattern." Tr. 111. Captain Jones apparently did not follow Mr. Sanchez, but after driving away from the convenience store, he realized that Mr. Sanchez had pulled in front of him on the same road. He then watched as Mr. Sanchez drove over the center line of the roadway towards oncoming traffic, weaving for some two or three blocks. Because Captain Jones was in an unmarked vehicle, he radioed for a marked police cruiser to stop Mr. Sanchez. But when Mr. Sanchez nearly collided with another vehicle head-on, forcing the other vehicle completely off the roadway, Captain Jones activated his emergency police lights and siren to initiate the stop on his own. Rather than pull-over, however, Mr. Sanchez accelerated.

The pursuit continued until Mr. Sanchez pulled into a driveway and both men got out of their vehicles. Captain Jones showed his badge and ordered Mr. Sanchez back into his truck, but Mr. Sanchez refused, stating that he could

---

[1]      This factual background is based on evidence presented at Mr. Sanchez's trial. The trial transcript is cited herein as "Tr. __".

not be arrested on his own property. Mr. Sanchez proceeded to walk towards the house while Captain Jones followed, repeatedly but unsuccessfully ordering Mr. Sanchez to stop. When Mr. Sanchez finally entered the house, Captain Jones "stepped in with him." Tr. 116. The two men briefly struggled just inside the doorway, until Captain Jones dragged Mr. Sanchez outside and arrested him. He was then transported to the sheriff's department where he refused to submit to a breath alcohol test.

Mr. Sanchez was charged with: (1) aggravated driving while intoxicated; (2) resisting, evading, or obstructing an officer; (3) driving while license suspended or revoked; and (4) failure to maintain traffic lane. He went to trial and before a jury flatly denied being at the convenience store, being drunk, seeing any police lights, or hearing any siren. He told the jury instead that just after he had arrived home that day, a man burst through his door and tackled him. Believing the man to be a prowler, Mr. Sanchez fought back, but was dragged outside where for the first time he saw several police cars. The jury apparently rejected this testimony, however, because he was convicted on all four counts. The state subsequently filed a supplemental information, to which Mr. Sanchez admitted, establishing that he was a repeat offender of driving while intoxicated, having been convicted of the offense on three prior occasions.

After Mr. Sanchez was convicted, his attorney failed to file a notice of appeal. Mr. Sanchez lodged a pro se petition for post-conviction relief in the trial

court, arguing, among other things, that he had been arrested in his home without a warrant and that his attorney had been ineffective in refusing to challenge the warrantless arrest. The court dismissed the petition and directed defense counsel to file an untimely notice of appeal. In Mr. Sanchez's counseled appeal, he again raised his Fourth and Sixth Amendment claims.

The New Mexico Court of Appeals affirmed Mr. Sanchez's convictions, first finding that the warrantless arrest was reasonable because it was based on both probable cause and exigent circumstances. The court reasoned that Captain Jones had observed Mr. Sanchez driving erratically and attempted to stop him with his lights and siren, but Mr. Sanchez ignored these efforts. Further, the court found that it was perfectly plausible that defense counsel had declined to challenge the warrantless arrest because the claim was unsubstantiated by the record, and thus defense counsel was not ineffective in failing to raise it. Mr. Sanchez petitioned the New Mexico Supreme Court for certiorari review, but his petition was denied. He subsequently turned to the federal courts for relief.

In a pro se habeas petition filed in the district court, Mr. Sanchez reasserted his Fourth Amendment and ineffective assistance of counsel claims. And after a magistrate judge appointed counsel and directed Mr. Sanchez to file an amended petition, he once again pressed these same claims. More specifically, Mr. Sanchez argued that the state appeals court unreasonably applied federal law by failing to consider the Supreme Court's decision in *Welsh v. Wisconsin*,

466 U.S. 740 (1984), a case involving a warrantless, in-home DWI arrest that the Court held was unjustified by probable cause and exigent circumstances. The magistrate judge rejected this contention and recommended that habeas relief be denied. Over Mr. Sanchez's objections, the district court judge agreed. We now affirm.

## II

This appeal is governed by the standards of the Antiterrorism and Effective Death Penalty Act (AEDPA). Under the AEDPA, if a claim is adjudicated on the merits in a state court, a federal court will grant habeas relief only if that adjudication produced a decision "that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). The threshold consideration is whether the federal law at issue is clearly established. *See House v. Hatch*, 527 F.3d 1010, 1015 (10th Cir. 2008). Only if there is clearly established federal law must we consider whether the state court's decision was contrary to, or involved an unreasonable application of such federal law. *Id.* at 1018. "A state-court decision is contrary to clearly established federal law if: (a) 'the state court applies a rule that contradicts the governing law set forth in Supreme Court cases'; or (b) 'the state court confronts a set of facts that are materially

-5-

indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from that precedent.'" *Id.* (brackets omitted) (quoting *Maynard v. Boone*, 468 F.3d 665, 669 (10th Cir. 2006)). A state court unreasonably applies clearly established federal law if it "correctly identifies the governing legal rule but applies it unreasonably to the facts." *Williams v. Taylor*, 529 U.S. 362, 407-08 (2000).

We begin with Mr. Sanchez's Fourth Amendment claim. A federal habeas court cannot overturn a state conviction due to a Fourth Amendment violation if the petitioner had a full and fair opportunity to litigate the claim in state court. *Stone v. Powell*, 428 U.S. 465, 494 (1976). Mr. Sanchez contends he had no such opportunity because the New Mexico Court of Appeals failed to cite *Welsh*. The determinative question, however, is not whether the court of appeals referenced a particular case, but whether it recognized and made "at least [a] colorable application of the correct Fourth Amendment constitutional standards." *See Gamble v. Oklahoma*, 583 F.2d 1161, 1165 (10th Cir. 1978). And on this score, it is beyond dispute that the state court correctly identified and at least applied in a colorable fashion the federal mandate that a warrantless entry and arrest be justified by probable cause and exigent circumstances. *See United States v. Reeves*, 524 F.3d 1161, 1169 (10th Cir. 2008). Thus, the omission of *Welsh* from the state court's analysis did not deprive Mr. Sanchez of an opportunity to fully

and fairly litigate his Fourth Amendment claim, and as a consequence, he is barred by *Stone* from seeking federal habeas relief on that ground.

We turn to Mr. Sanchez's ineffective assistance of counsel claim, which is predicated on trial counsel's failure to raise the Fourth Amendment issue. A Sixth Amendment claim based on counsel's failure to competently litigate a Fourth Amendment issue is a cognizable ineffective assistance of counsel claim, notwithstanding the rule of *Stone*. *See Kimmelman v. Morrison*, 477 U.S. 365, 375, 382-83 (1986) (explaining that *Stone*'s restrictions on federal habeas review of Fourth Amendment claims does not extend to Sixth Amendment ineffective assistance of counsel claims where the principle error of counsel was incompetent representation on a Fourth Amendment issue); *see also United States v. Owens*, 882 F.2d 1493, 1498 n.5 (10th Cir. 1989). We must therefore evaluate Mr. Sanchez's ineffective assistance of counsel claim under the familiar standard established in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), to discern whether his attorney's performance fell below an objective standard of reasonableness and whether his attorney's deficient performance prejudiced his case. Because he asserts a Fourth Amendment-based ineffective assistance of counsel claim, Mr. Sanchez "must also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice." *See Kimmelman*, 477 U.S. at 375.

The New Mexico Court of Appeals determined that Mr. Sanchez's attorney had not rendered ineffective assistance in failing to challenge the warrantless arrest because the issue was meritless. This decision was neither contrary to, nor an unreasonable application of, *Strickland*. Both New Mexico and federal law permit an officer to make a warrantless arrest if the officer has probable cause to believe that a misdemeanor has been committed in his presence. *See Tanberg v. Sholtis*, 401 F.3d 1151, 1156, 1159 (10th Cir. 2005). Here, apart from his prior observations at the convenience store, Captain Jones witnessed Mr. Sanchez force on-coming traffic onto the shoulder of the road by crossing into the opposite lane of travel. He also watched Mr. Sanchez narrowly miss colliding head-on with another vehicle, forcing it entirely off the road. Not only were these observations sufficient to establish probable cause, but they also demonstrate the exigency of the situation by virtue of the danger Mr. Sanchez posed to the public. *See United States v. Wicks*, 995 F.2d 964, 970 (10th Cir. 1993) (recognizing that an exigency may exist when there is a "need to prevent a suspect's escape, or [a] risk of danger to the police or to other persons") (citing *Minnesota v. Olson*, 495 U.S. 91, 100 (1990)). Indeed, Mr. Sanchez compounded the exigency by refusing to pull-over and, instead, attempting to escape to his house. Although Mr. Sanchez insists the arrest was wrongful because the officer stepped into his home, a suspect may not thwart an otherwise proper arrest that was set in motion in public by fleeing and retreating to his home. *See United States v. Santana*, 427 U.S. 38,

42-43 (1976).[2] The entry and arrest were therefore supported by probable cause and exigent circumstances. Accordingly, the Fourth Amendment issue was meritless and establishes both that counsel was not deficient in failing to raise it and that it would have had no impact on the proceeding. It follows, then, that the state court's ruling that counsel had not been ineffective in failing to litigate the Fourth Amendment issue was neither contrary to, nor an unreasonable application of, federal law.

The judgment of the district court is AFFIRMED.

Entered for the Court

Jerome A. Holmes
Circuit Judge

---

[2] *Welsh v. Wisconsin*, 466 U.S. 740 (1984), is inapposite here because that case did not involve any immediate flight or attempt by the suspect to evade an otherwise proper arrest.